IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIM MILLER-HUGGINS, individually )
and on behalf of all others )
similarly situated, )
 )
 )
                    Plaintiff, )
 )
     v.                        )   No. 09 C 3774
 )
MARIO'S BUTCHER SHOP, INC.     )
 )
                    Defendant. )

## **OPINION AND ORDER**

   Named plaintiff Kim Miller-Huggins alleges she engaged in a credit card transaction at the retail establishment of defendant Mario's Butcher Shop, Inc. She further alleges that defendant willfully violated the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g)(1), by printing the expiration of her credit card on the charge receipt. On information and belief, it is alleged that other customers of defendant have also had the expiration date included on their receipts. It is additionally alleged that customers other than named plaintiff have had more than five digits of their credit card number printed on receipts, which is also a violation of § 1681c(g)(1). On behalf of both herself and a putative class,

plaintiff seeks statutory damages, which requires proof of willful violations. See id. § 1681n(a)(1)(A). Plaintiff is not pursuing any actual damages for herself or class members. Actual damages can be based on negligence. See id. § 1681o(a)(1).

Plaintiff has moved to certify a class consisting of: "All consumers to whom Mario's Butcher Shop, Inc., provided a printed receipt at the point of sale or transaction which: (i) after June 3, 2008 displays the expiration date of the person's credit or debit card; (ii) after December 3, 2006 displays more than the last five digits of the person's credit card or debit card number; or (iii) both." The cutoff date for the first subclass is based on a statutory provision precluding, prior to that date, finding willful violations of the expiration-date rule if the defendant otherwise complies with § 1681c(g). See 15 U.S.C. § 1681n(d). The cutoff date for the second subclass is based on the effective date of FACTA for machines that electronically print credit card receipts and were in use before January 1, 2005. See id. § 1681c(g)(3)(A).

The burden is on named plaintiff to demonstrate that all the requirements for class certification are satisfied. Oshana v. Coca-Cola Co., 472 F.3d 506, 513 (7th Cir. 2006); Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993); Allen v. American Honda Motor Co., ___ F.R.D.

at ___; 2009 WL 4823894 *5 (N.D. Ill. Dec. 8, 2009); Baxter v. Kawasaki Motors Corp., 259 F.R.D. 336, 338 (N.D. Ill. 2009). To the extent factual disputes exist regarding the prerequisites for class certification, the court must resolve them by appropriate evidentiary submissions, which can be affidavits or other means short of a testimonial hearing. See Szabo v. Bridgeport Mach., Inc., 249 F.3d 672, 675-76 (7th Cir. 2001); Baxter, 259 F.R.D. at 338-39; Howard v. Securitas Sec. Serv., USA Inc., 2009 WL 140126 *5 (N.D. Ill. Jan. 20, 2009). Federal Rule of Civil Procedure 23(a) requires that the following four prerequisites be satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Failure to meet any one of these requirements precludes certification of a class. Retired Chicago Police, 7 F.3d at 596.

If the Rule 23(a) elements are satisfied, plaintiff must also satisfy one of the subsections of Rule 23(b). Under Rule 23(b)(3), named plaintiff must establish both that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class

- 3 -

action is superior to other available methods for fairly and efficiently adjudicating the controversy."

In ruling on class certification, the court has an independent duty to scrutinize the appropriateness of class certification; the court is not limited to arguments made by a party opposing certification. Davis v. Hutchins, 321 F.3d 641, 649 (7th Cir. 2003); In re Gen. Motors Corp. Engine Interchange Litig., 594 F.2d 1106, 1134 (7th Cir. 1979); Baxter, 259 F.R.D. at 339. See also Szabo, 249 F.3d at 677. Additionally, in determining whether to grant certification, whether a claim will ultimately be successful is not a consideration. Payton v. County of Kane, 308 F.3d 673, 677 (7th Cir. 2002). However, that does not mean that the merits of claims must be completely ignored. The "boundary between a class determination and the merits may not always be easily discernible." Retired Chicago Police, 7 F.3d at 598-99 (quoting Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 895 (7th Cir. 1981)). In order to resolve questions of typicality or whether common questions predominate, it is sometimes necessary to determine the contours of the applicable law. See Szabo, 249 F.3d at 676-77; Retired Chicago Police, 7 F.3d at 598-99 (quoting General Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160

(1982)); Jones v. Risk Mgmt. Alternatives, Inc., 2003 WL 21654365 *2 n.2 (N.D. Ill. July 11, 2003).

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Plaintiff need not demonstrate the exact number of class members as long as that conclusion is apparent from good-faith estimates. Butler v. Illinois Bell Tel. Co., 2008 WL 474367 *4 (N.D. Ill. Feb. 14, 2008); Fletcher v. ZLB Behring LLC, 245 F.R.D. 328, 335 (N.D. Ill. 2006); Bowe Bell + Howell Co. v. Immco Employees' Ass'n, 2005 WL 1139645 *3 (N.D. Ill. May 11, 2005); Lucas v. GC Serv. L.P., 226 F.R.D. 337, 340 (N.D. Ind. 2005). The estimates may be supported by inferences and "common sense assumptions." Fletcher, 245 F.R.D. at 335; Bell + Howell, 2005 WL 1139645 at *3. Inferences may be drawn based on the size of the pertinent entity. Lucas, 226 F.R.D. at 340; Ingram v. Corporate Receivables, Inc., 2003 WL 21982152 *2 (N.D. Ill. Aug.19, 2003). Still, a finding of numerosity cannot be based on conclusory allegations that joinder is impracticable or speculation about the size of the class. Butler, 2008 WL 474367 at *4; Muro v. Target Corp., 2005 WL 1705828 *13 (N.D. Ill. July 15, 2005), aff'd, 580 F.3d 485 (7th Cir. 2009) (quoting Marcial v. Coronet Ins. Co., 880 F.2d 954, 957 (7th Cir. 1989)); Bell + Howell, 2005 WL 1139645 at *3.

Without any support, plaintiff asserts that numerosity is satisfied because there are at least 1000 members of the proposed class. Defendant concedes that numerosity would be satisfied for a class of customers whose receipts contained the credit card expiration date. Defendant makes no such concession as to printing credit card numbers on receipts Since plaintiff presents no basis for concluding or inferring that numerous receipts were printed with excessive card number digits on them, it cannot be found that numerosity is satisfied as to plaintiff's second proposed subclass. That is a sufficient basis for denying certification of such a subclass.[1]

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." This is not a demanding requirement and may be satisfied by a single common issue. Baxter, 259 F.R.D. at 341; Hazelwood v. Bruck Law Offices SC, 244 F.R.D. 523, 525 (E.D. Wis. 2007). Here, common questions will include whether defendant printed credit cards with expiration dates and whether such conduct was willful. Commonality is satisfied.

---

[1] As is indicated below, even if plaintiff were to return with evidence supporting numerosity is satisfied as to receipts with excessive digits, there might be a typicality and adequacy problem with named plaintiff representing the second subclass. Presently, that issue is not decided. The second subclass is not being certified based on failure to satisfy numerosity.

Rule 23(a)(3) requires that the claims of the class representative be typical of the claims of the class. The typicality requirement primarily focuses "on whether the named representatives' claims have the same essential characteristics as the claims of the class at large. 'A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (quoting Herbert Newberg, Class Actions ¶ 1115(b) at 185 (1977)). Accord Retired Chicago Police, 7 F.3d at 596-97; Baxter, 259 F.R.D. at 341-42; Rahim v. Sheahan, 2001 WL 1263493 *14 (N.D. Ill. Oct. 19, 2001). It is only necessary for the claim of the class representative and the claims of the class at large to have the "same essential characteristics;" there may still be differences. Retired Chicago Police, 7 F.3d at 597 (quoting De La Fuente, 713 F.2d at 232); Hardesty v. International Steel Group, Inc., 2005 WL 1712257 * 2 (N.D. Ind. July 21, 2005). Similar legal theories may control despite factual distinctions. See Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992); Hardesty, 2005 WL 1712257 at *2; Clay v. American Tobacco Co., 188 F.R.D. 483, 491-92 (S.D. Ill. 1999). "The key to typicality is based on the relationship between the class representative and the class members: are the named

plaintiff's interests aligned with those of the proposed class in such a way that the representative, in pursuing his own claims, will also advance the interest of the class?" Rahim, 2001 WL 1263493 at *14. See also In re Bromine Antitrust Litig., 203 F.R.D. 403, 409 (S.D. Ind. 2001).

Typicality generally overlaps, in part, with the adequacy requirement of Rule 23(a)(4). McFadden v. Board of Educ. for Ill. Sch, Dist. U-46, 2006 WL 681054 *4 (N.D. Ill. March 13, 2006); Centurions v. Ferruzzi Trading Int'l, S.A., 1994 WL 114860 *6 n.9 (N.D. Ill. Jan. 7, 1993). Rule 23(a)(4) requires that the named representative adequately represent the interests of the class. Three elements must be satisfied: "(1) the class representative cannot have antagonistic or conflicting claims with other members of the class; (2) the class representative must have a 'sufficient interest in the outcome to ensure vigorous advocacy;' (3) counsel for the class representative must be competent, experienced, qualified and generally able to conduct the proposed litigation vigorously." Lifanda v. Elmhurst Dodge, 2001 WL 755189 *3 (N.D. Ill. July 2, 2001) (quoting Chandler v. Southwest Jeep-Eagle, Inc., 162 F.R.D. 302, 308 (N.D. Ill. 1995)). Accord Baxter, 259 F.R.D. at 342-43; Robles v. Corporate Receivables, Inc., 220 F.R.D. 306, 314 (N.D. Ill. 2004).

Defendant does not dispute the qualifications of class counsel. It is found that class counsel is competent and qualified to represent a class in this case. Defendant does contend that typicality and/or adequacy are not satisfied because plaintiff seeks to represent persons whose receipts had too many digits on them even though plaintiff had no such receipt and also because plaintiff seeks only statutory damages whereas some class members may have suffered actual damages. As previously discussed, the class being certified will be limited to those issued receipts containing the expiration date. Therefore, the first potential problem does not exist.[2]

Defendant also contends there are potential conflicts for named plaintiff because she seeks only statutory damages whereas some class members may have suffered actual damages that exceed possible statutory damages. Such contentions, however, have been

---

[2] At least one case in this district has expressly addressed the issue and found that a named plaintiff in a similar situation could represent a class with members who had either or both violations on their receipts. See Halperin v. Interpark Inc., 2007 WL 4219419 *2 (N.D. Ill. Nov. 29, 2007). At least two other cases from this district have certified a class involving such a situation, but do not expressly address the possible conflict. See Harris v. Best Buy Co., 254 F.R.D. 82 (N.D. Ill. 2008); Redmon v. Uncle Julio's of Ill., Inc., 249 F.R.D. 290 (N.D. Ill. 2008). Halperin, however, does not expressly address the potential conflict of representing a subclass with a different potential cutoff date nor the possibility that the different violations may justify differing amounts of statutory damages. This issue need not presently be resolved because numerosity is not satisfied for the second subclass.

rejected in other cases because FACTA violations are likely to have caused little provable actual damages and any class member who has suffered substantial actual damages is free to opt out of the class. See Harris, 254 F.R.D. at 88; Redmon, 249 F.R.D. at 295; Halperin, 2007 WL 4219419 at *2. Cf. Murray v. GMAC Mortgage Corp., 434 F.3d 948, 953 (7th Cir. 2006) (Fair Credit Reporting Act case). It is found that named plaintiff satisfies the typicality and adequacy requirements.

In order to certify a class under Rule 23(b)(3), it must be found both that common questions predominate over questions affecting only individual class members and that a class action is the superior method for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3); Hudson v. City of Chicago, 242 F.R.D. 496, 503 (N.D. Ill. 2007). "[M]atters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

> While common questions of law or fact must predominate, they need not be exclusive. Scholes v. Moore, 150 F.R.D. 133, 138 (N.D. Ill. 1993). To

determine whether common questions predominate, courts
look to whether there is a "common nucleus of operative
facts." Ziemack v. Centel Corp., 163 F.R.D. 530, 535
(N.D. Ill. 1995) (citing Rosario, 963 F.2d at 1018). A
court should direct its inquiry primarily toward the
issue of liability, rather than damages, in determining
whether common questions predominate. See Beale [v.
EdgeMark Fin. Corp.], 164 F.R.D. [649,] 658 [(N.D. Ill.
1995)].

Tatz v. Nanophase Tech. Corp., 2003 WL 21372471 *9 (N.D. Ill. June 13, 2003). See also Baxter, 259 F.R.D. at 343; Armes v. Shanta Enter., Inc., 2009 WL 2020781 *6 (N.D. Ill. July 8, 2009); Fletcher, 245 F.R.D. at 331-32. Also, when the case involves standardized conduct towards the members of the class, predominance often is satisfied. See Baxter, 259 F.R.D. at 343; Randolph v. Crown Asset Management, LLC, 254 F.R.D. 513, 519-20 (N.D. Ill. 2008); Herkert v. MRC Receivables Corp., 254 F.R.D. 344, 352 (N.D. Ill.2008); Cicilline v. Jewel Food Stores, Inc., 542 F. Supp. 2d 831, 838 (N.D. Ill. 2008). The existence of standardized conduct also favors a finding of superiority, especially when individualized damages are relatively low. Randolph, 254 F.R.D. at 520; Herkert, 254 F.R.D. at 353; Flores v. Diamond Bank, 2008 WL 4861511 *3 (N.D. Ill. Nov. 7, 2008).

Here, questions of whether defendant issued credit card receipts that contained the expiration date and, if so, whether

such conduct was willful will predominate. This is the type of case involving standardized conduct that is well-suited for class certification. Cf. Harris, 254 F.R.D. at 88-90; Redmon, 259 F.R.D. at 295-97; Halperin, 2007 WL 4219419 at *3-4. It is found that the Rule 23(b)(3) requirements are satisfied.

A Rule 23(b)(3) class will be certified consisting of: All consumers for whom, after June 3, 2008, Mario's Butcher Shop, Inc. provided a printed receipt at the point of sale or transaction, which displays the expiration date of the person's credit or debit card. Excluded from the class are defendant, employees of defendant, and defendant's parents, successors, subsidiaries, affiliates, and stockholders. James X. Bormes is appointed as class counsel. By March 19, 2010, the parties shall submit a proposed notice to the class. If the parties cannot agree on a proposed notice, plaintiff shall submit her proposed version and defendant shall submit its objections and alternative version.

IT IS THEREFORE ORDERED that plaintiff's motion to certify class [7] is granted in part and denied in part. A class is certified consisting of: All consumers for whom, after June 3, 2008, Mario's Butcher Shop, Inc. provided a printed receipt at the point of sale or transaction, which displays the expiration date of the person's credit or debit card. Excluded from the class are defendant, employees of defendant, and

defendant's parents, successors, subsidiaries, affiliates, and stockholders. James X. Bormes is appointed as class counsel. By March 19, 2010, the parties shall submit their proposed notice to the class.

ENTER:

[signature: William T. Hart]

UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 22, 2010